UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:11-CR-82 CEJ |
| THOMAS E. NOLAN, | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Lewis M. Blanton for determination and recommended disposition, where appropriate. On March 6, 2012, Judge Blanton filed a Report and Recommendation with respect to the motion filed by defendant Thomas E. Nolan to suppress evidence and statements. The defendant has filed timely objections to the magistrate judge's recommendation that his suppression motion be denied. The United States did not file a response to the defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections have been made. Specifically, the Court has reviewed the transcript of the evidentiary hearing and the affidavit in support of the search warrant. Having done so, the Court concludes that the factual findings made by Judge Blanton are supported by the evidence, and that his legal conclusions are correct.

I. <u>Search warrant</u>

The affidavit submitted in support of the search warrant application contains facts establishing a "fair probability" that images of child pornography would be found on the defendant's computer and elsewhere in his residence. <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). The defendant asserts that the affidavit contains information that was illegally obtained from files that were on his computer. The undisputed evidence, however, is that the information was obtained from a "shared" folder that was accessible through a peer-to-peer file sharing program. By participating in peer-to-peer file sharing and placing his files in the shared folder, defendant made the contents of the files available to the police and to anyone else who wished to access them. There is no evidence that the police installed any device or software on the defendant's computer that enabled them to monitor or track his usage. <u>Cf</u>., <u>United States v. Jones</u>, 132 S.Ct. 945, 949 (2012) (installation of a Global Positioning System device on a suspect's vehicle and using it to monitor the vehicle's movements is a "search" within the meaning of the Fourth Amendment.)

The evidence seized pursuant to the search warrant will not be suppressed.

II. <u>Statements</u>

The defendant first challenges the magistrate judge's finding on the issue of whether he was in custody when questioned by the police. The defendant's history of firearms possession and the presence of various items that could be used as weapons prompted the police to handcuff the defendant while they searched his residence. Given that the defendant was physically restrained, it would have been reasonable for him to believe that he was not free to leave. However, the Fourth

Amendment is not violated when the police detain the occupants of a premises while executing a valid search warrant. See Michigan v. Summers, 452 U.S. 692, 698-700 (1981); United States v. Johnson, 528 F.3d 575, 579-580 (8th Cir. 2008). As discussed above, the search warrant was supported by probable cause. The defendant's detention was not illegal, and his statements were not the fruit of an illegal search.

It is undisputed that prior to being questioned by the police, the defendant was properly advised of the Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (1966). The defendant was specifically told that he had the right to a lawyer, that did not have to respond to any questions, and that he could terminate the interview at any time. The defendant understood the Miranda warnings and signed a document to that effect. The undisputed evidence is that the police officers did not make any promises or threats to the defendant nor did they employ any improper methods to procure a statement. The defendant was cooperative and the tenor of the interview was cordial and friendly. Once the defendant announced that he wanted to talk to a lawyer, all questioning stopped. The Court concludes that the defendant's statements were made intelligently and voluntarily.

The defendant's second objection is to the magistrate judge's finding that the failure to record the interview was a violation of due process. The Court agrees with the magistrate judge that there is no constitutional requirement that police interrogations be recorded. Defendant presents no authority to the contrary.

The defendant's statements will not be suppressed.

\* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [Doc. 51] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant Thomas E. Nolan to suppress evidence and statements [Doc. 37] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2012.